**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 14-01610-VAP (SPx)                    Date:  August 14, 2014

Title:     IH3 PROPERTY WEST, LP V. SANDRA FLORES, et al.
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

       Marva Dillard                              None Present
       Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFFS:                            DEFENDANTS:

       None                                   None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO CALIFORNIA
                 SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE
                 (IN CHAMBERS)

       On December 19, 2013, Plaintiff IH3 Property West, LP ("IH3") filed a Complaint in the California Superior Court for the County of Riverside for Unlawful Detainer against Defendants Sandra Flores and Mario Molina ("Defendants"), in case number MVC 1305334.  (See Ex. A to Not. of Removal (Doc. No. 1).)   On August 6, 2014, Defendants, appearing pro se, removed the action to this Court on the basis of federal question jurisdiction, asserting IH3 violated the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201.  (See Not. of Removal.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of Riverside.

       Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth

EDCV 14-01352-VAP (DTBx)
IH3 PROPERTY WEST, LP V. SANDRA FLORES, et al.
MINUTE ORDER of August 14, 2014

Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendants argue that IH3's unlawful detainer action is based "upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (Not. of Removal at 2-3.) Specifically, Defendants argue that IH3 violated PTFA by filing a state eviction proceeding before allowing 90 days to lapse as required by PTFA. (Id. at 3.) Accordingly, Defendants contend that IH3's violation of federal law confers this Court with federal question jurisdiction.

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. From the face of the Complaint, however, IH3's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Furthermore, as the Ninth Circuit has recently held, the PTFA "does not create a private right of action." Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013). In other words, IH3 is barred from suing Defendants under the PTFA. Thus, Defendants' argument that IH3 has stated a federal claim under the PTFA upon which this Court may exercise jurisdiction is without merit. As "[a]n unlawful detainer action does not raise a

EDCV 14-01352-VAP (DTBx)
IH3 PROPERTY WEST, LP V. SANDRA FLORES, et al.
MINUTE ORDER of August 14, 2014

question arising under federal law and so, once removed, must be remanded for lack of jurisdiction," the Court will remand this action. See Cooper v. Washington Mut. Bank, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003).

 Additionally, the Court notes that this is the second time that Defendants have removed this action to the district court. On February 27, 2014, Defendants removed this action in case number 5:14-cv-00374-CAS-AS.[1] The case was sua sponte remanded on June 24, 2014. In the order remanding, Judge Snyder noted that "the only claim asserted by plaintiff is for unlawful detainer against defendants. Defendants cannot create federal subject matter jurisdiction by adding claims or asserting defenses, as defendants attempt to do here." IH3 Property West LP v. Sandra Flores, et al., 5:14-cv-00374-CAS-AS (C.D. Cal. June 24, 2014) (Doc. No. 8).

 The Court cautions Defendants that filing frivolous notices of removal to federal court may be grounds for monetary sanctions or a finding that the Defendants are vexatious litigants.

 Accordingly, the Court REMANDS this matter to the California Superior Court for the County of Riverside.

 **IT IS SO ORDERED.**

---

[1] Upon review of the docket this case, the Court notes that the notice of removal filed there is nearly identical to the one filed in the case at bar.

MINUTES FORM 11             Initials of Deputy Clerk ___md____
CIVIL -- GEN            Page 3